UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HORTON,

    Movant,

                                          Case No. 1:03-CV-78
v.                                           Hon. Gordon J. Quist

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION (ON REMAND)**

This matter is before the court on movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Background**

Movant entered a plea of guilty to conspiring to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). Judgment was entered February 26, 2002. The court sentenced movant to 144 months' imprisonment, five years of supervised release, a fine of $2,500 and a special assessment of $100.00. Sentencing Trans. at 25. Movant filed the present § 2255 motion to contest his sentence. The motion was referred for a Report and Recommendation.

    Following an evidentiary hearing, I recommended the motion be granted because movant's counsel was ineffective for failing to file an appeal. *See* Report and Recommendation ("R & R") (docket no. 41). In reaching this determination, I stated that "a mis-communication occurred

between petitioner and counsel." R & R at 14.[1]  I also stated that "counsel did not disregard a clear request to file an appeal; rather, counsel did not realize that petitioner desired to have an appeal filed until he received petitioner's December 11, 2002 letter." *Id.* at 15.  I concluded that the attorney bore the responsibility for the missed deadline, and that "[p]rejudice is presumed under *Strickland* when a mis-communication or misunderstanding between the client and counsel results in counsel's failure to file or perfect an appeal." *Id. citing Edwards v. United States*, 246 F. Supp.2d 911, 915-16 (E.D. Tenn. 2003); *Turner v. United States*, 961 F. Supp. 189, 190-91 (E.D. Mich. 1997), and *United States v. Pena*, 233 F.3d 170, 172, 173 (2d Cir. 2000).  Accordingly, I recommended that the § 2255 motion should be granted, holding that "because petitioner was prejudiced by the mis-communication with his counsel, he is entitled to a delayed appeal and need not show any likelihood of success on the merits of his claim." *Id.* at 16.

The court remanded the R & R and remanded for additional review. *See* Order Remanding Case to Magistrate Judge (docket no. 43).  In the order of remand, the district judge noted that movant "unwaveringly testified that he specifically requested an appeal immediately after he was sentenced on February 25, 2002" and that his counsel "was less certain about what transpired during the conversation that day." Remand Order at 2.  The order of remand contains the following direction: "[i]f the [magistrate judge] finds that no clear request was made, the court must then determine whether counsel consulted with the defendant about an appeal." *Id.* at 5 (emphasis added) (*citing Roe v. Flores-Ortega*, 538 U.S. 470, 478 (2000).  Then, "[i]f counsel did not consult with the defendant, the court must ask a second and subsidiary question: whether counsel's failure to consult

---

[1] The R & R refers to Mr. Horton as "petitioner" rather than "movant."  In this R & R, the court will refer to Mr. Horton as "movant."

with the defendant itself constitutes 'deficient performance.'" *Id.*[2] This matter is now before the court on remand.

### Findings of fact

I have reviewed my previous findings of fact in the original R & R, and re-adopt them here. I realize, however, that what I thought was evident – that movant had asked his attorney to file an appeal when the two met immediately after sentencing – was only implicitly stated in the R & R. I now make clear my findings of fact:

 1. Immediately after movant was sentenced, he met with counsel and twice told counsel that he wanted to appeal the sentence.

 2. Counsel failed to file an appeal.

### Discussion

Movant testified that he twice told counsel to file an appeal. I found movant to be a credible witness.[3] Counsel's testimony, on the other hand, was less persuasive since he had at best, only a vague recollection of the events at issue and took no notes. In the original R & R, I found that counsel failed to file an appeal because of a mis-communication or misunderstanding of movant's requests:

> Here, however, counsel did not disregard a clear request to file an appeal; rather counsel did not realize that [movant] desired to have an appeal filed until he received [movant's] December 11, 2002 letter [referencing movant's appeal].

---

[2] These instructions initially appear inconsistent the final paragraph of the district judge's order of remand, which states that the magistrate judge "found that no clear request for an appeal was made." However, I believe this statement was an attempt to paraphrase the actual finding I made, which was as follows, "counsel did not disregard a clear request to file an appeal." *See infra*.

[3] Moreover, such a request to appeal would not have been unreasonable from movant's point of view, since the court had denied certain relief at sentencing that had been supported by both defense counsel and government counsel. See original R & R at 9-10.

R & R at 15.  When I used the words "counsel did not disregard," I was focusing primarily on counsel's conduct, i.e., I was attempting to explain that counsel did not <u>intentionally</u> nor <u>consciously</u> ignore movant's request in an effort to cause movant harm.[4]  This finding should not be interpreted to mean that movant failed to make a clear request to file an appeal in the first place.  It was (and is) the undersigned's finding that movant instructed counsel to file an appeal and that counsel failed to perform that task.

It was professionally unreasonable for counsel not to file an appeal when he was instructed to do so.  *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003), *citing Roe*, 538 U.S. at 477.  "[A] lawyer's failure to appeal a judgment, in disregard of the defendant's request is ineffective assistance of counsel regardless of whether the appeal would have been successful or not."  *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  In such cases, "a defendant is entitled to a delayed appeal and need not show any likelihood of success on the merits."  *Regalado*, 334 F.3d at 525.

---

[4]This point was underscored in the second phrase of the same sentence, to wit: "rather counsel did not <u>realize</u> that movant desired . . . " (emphasis added).  It was also for this reason that I could cite *Edwards v. United States,* 246 F.Supp. 2d 911, 915-16 (E.D. Tenn. 2003), in which a defendant had specifically requested an appeal which was not perfected by counsel due to a mis-communication or misunderstanding between counsel and the client.  (I also cited *Turner v. United States,* 961 F.Supp. 189, 192 (E.D. Mich. 1997).  In that case, the court stated:

> In light of Petitioner's and Mr. McKenna's affidavits, it is clear that Petitioner wanted an appeal regarding his sentence and through some miscommunication or misunderstanding between him and his counsel, he never received the assistance of counsel that he requested.  Subsequently, he had to pursue an appeal on his own and ultimately the Sixth Circuit dismissed it for failure to prosecute. [footnote omitted] Therefore, the Court finds that Petitioner's Sixth Amendment right to adequate representation of counsel has been violated and he received ineffective assistance of counsel.  In such circumstances, he is entitled to an appellate proceeding, as if on direct appeal, with the assistance of counsel.  *Castellanos,* 26 F.3d at 720 (citing *Page v. United States,* 884 F.2d 300 (7th Cir. 1989)).

**Recommendation**

Accordingly, I recommend that the § 2255 motion be **GRANTED**.

Dated: January 12, 2007    /s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).